**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-03514-RM-BNB

K.B., by and through her next friend, Angela BOURELLE,

    Plaintiff,

v.

Christopher J. PEREZ (in his personal capacity for damages as Mark Bourelle's former probation officer); Walter VANNI (in his official capacity for prospective injunctive relief as Mark Bourelle's current probation officer),

    Defendants.

_____

**ORDER**
_____

    This matter arises *sua sponte* upon the Court's review of the Complaint for Damages and Injunctive Relief (ECF No. 1) filed in this matter on December 31, 2014 (the "Complaint").

    The Complaint contains two unnumbered claims for relief which the Court hereinafter refers to as the "First Claim" and the "Second Claim." The First Claim seeks declaratory and injunctive relief against Walter Vanni in his official capacity as supervising probation officer for Plaintiff's father, Mark Bourelle. The Second Claim seeks damages against Christopher Perez in his personal capacity as a probation officer who formerly supervised Mr. Bourelle and allegedly denied Plaintiff visitation with her father in direct contravention of an Order of a United States District Judge.

    Plaintiff's father is currently on supervised release following a 2012 conviction in the United States District Court for the Southern District of Florida. (ECF No. 1, ¶ 9-10.)

Supervised release commenced on or about May 3, 2013. (ECF No. 1, ¶13.) Supervised release jurisdiction was transferred to the District of Colorado in January 2014 and assigned case number 14-cr-1-MSK. (ECF No. 1, ¶14.) Plaintiff is affected by present or potential conditions or requirements of her father's supervision and seeks relief. As it pertains to the First Claim, Plaintiff seeks declaratory and injunctive relief which would shape the terms of her father's supervision. The Court has concluded that such relief is not available.

The terms and conditions of Mr. Bourelle's supervision are the sole province of the criminal case. It is alleged that Mr. Bourelle is being required to make disclosures relating to his conviction for distribution fo child pornography to the parents of Plaintiff's friends and classmates who come to or came to his house. Plaintiff asserts that the requirement is unconstitutional. Plaintiff is not a party to the criminal case and lacks standing in that case to alter the terms of supervision of her father. The Court will not allow her to circumvent this reality by filing a civil claim and, through equitable relief, seeking to impact the supervision terms imposed on another individual - even if it is her father. "Ordinarily, one may not claim standing in ... Court to vindicate the constitutional rights of some third party." *Barrows v. Jackson*, 346 U.S. 249, 255 (1953). Even where, as here, Plaintiff claims that her own constitutional rights are impacted, the end result is no different. Plaintiff's claim interferes with the administration of a criminal case, affects its finality, and is not justiciable. *McClure v. Ashcroft*, 335 F. 3d 404, 414-15 (5th Cir. 2003) ("In a civil proceeding, ... a third party collateral attack on a final criminal judgment is nonjusticiable."). The proper forum to address the conditions of Mr. Bourelle's supervision is in the criminal case. And so, this Court has determined *sua sponte* that it must dismiss the First Claim.

The Second Claim presents a different complication. Section 455(a) of Title 28 of the United States Code states that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A trial judge must recuse himself when there is an appearance of bias, regardless of whether there is actual bias. *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Christopher Perez is a Supervising U.S. Probation Officer in this District. Mr. Perez, as a probation officer, works with the Court, both directly and indirectly, on a daily basis. It cannot be said that the impartiality of this Court might not be questioned given these facts. As a result, recusal is required by 28 U.S.C. § 455(a), and I recuse myself from further involvement with the surviving claim.

On the basis of the foregoing,

It is hereby ORDERED:

1.THAT the First Claim for equitable relief is hereby dismissed;

2.THAT the Second Claim may proceed, but that the undersigned recuses himself from this matter going forward; and

3.THAT the Clerk of the Court is hereby directed to confer with the Chief Judge for determination as to whether to reassign the case to another District Judge of this District, to

arrange for a visiting judge to be assigned this matter, or for such other instruction as she deems appropriate.

DATED this 8th day of January, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge