# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

K.B., by and through her next friend, ANGELA BOURELLE,

    Plaintiff,

v.                                                                        No. CV 14-3514 WJ/NYW

CHRISTOPHER J. PEREZ, in his personal capacity,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant Christopher J. Perez's Motion to Dismiss (**Doc. 29**), filed August 20, 2015. Having considered the parties' written submissions, the oral arguments of counsel at the March 22, 2016 hearing, and the applicable law, the Court finds that Defendant's Motion to Dismiss is well taken, and therefore **GRANTED**, as set forth in this opinion.

### BACKGROUND

Angela Bourelle ("Ms. Bourelle") and Mark Bourelle ("Mr. Bourelle") are the biological parents of the minor female child who is identified in the caption of this case as K.B. Ms. Bourelle has filed this lawsuit and is asserting claims on behalf of her minor daughter K.B. While the Court recognizes that K.B. was a minor child who could not file this lawsuit in her own name at the time the circumstances giving rise to this lawsuit occurred, for ease of

reference, the Court will refer to K.B. as Plaintiff in this opinion since K.B. is the individual identified in the Complaint as the one who has suffered injury in this case.

In 2008, Mr. Bourelle pled guilty to a violation of 18 U.S.C. § 2252(a)(2) for distribution of child pornography in the United States District Court for the Southern District of Florida. Mr. Bourelle was sentenced to the statutory minimum sentence of five years imprisonment followed by ten years of supervised release. On September 25, 2012, the district judge in Florida ordered Mr. Bourelle to participate in and complete an approved program of sex offender evaluation and treatment, but also made the express ruling that Mr. Bourelle was authorized to have unsupervised contact with his minor children when his term of supervised release began. Prior to the commencement of his term of supervised release, Mr. Bourelle was transferred to a halfway house in Colorado. Such a placement is still deemed to be in the custody of the Bureau of Prisons. *See* 18 U.S.C. § 3624(c)(1) (stating that a prisoner may spend a portion of the final months of the term of imprisonment under conditions that will permit the prisoner to prepare for re-entry into the community, including in a community correctional facility). Defendant Christopher J. Perez ("Mr. Perez" or "Defendant"), a U.S. Probation Officer, was assigned as Mr. Bourelle's federal probation officer.

While Mr. Bourelle was incarcerated, Plaintiff did have visitation with her father in accordance with the family visitation policies in effect at the particular facility where Mr. Bourelle was incarcerated. Plaintiff alleges that when Mr. Bourelle was initially transferred to the halfway house in Colorado, she was allowed to see her father. However, around January 1, 2013, Mr. Perez directed the halfway house to end Mr. Bourelle's visitations with his minor daughter. Mr. Perez allegedly ordered this change because the Colorado Sex Offender Management Board ("SOMB") guidelines prohibit sex offenders from having contact with

minors. Plaintiff argues that Colorado SOMB guidelines should not be applied to federal inmates in Colorado. On February 12, 2013, Plaintiff was once again permitted to visit Mr. Bourelle. Plaintiff alleges severe emotional distress caused by her inability to see her father for approximately six weeks, and seeks relief in the form of damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) ("*Bivens*"). Plaintiff asserts that Mr. Perez violated her First, Fifth, and Fourteenth Amendment right to familial association when Mr. Perez prohibited Plaintiff from visitation with Mr. Bourelle.

Plaintiff filed her initial Complaint for Damages and Injunctive Relief (**Doc. 1**) on December 31, 2014 in the United States District Court for the District of Colorado. This case was then randomly assigned to U.S. District Judge Raymond P. Moore as the presiding judge. The original Complaint asserted two unnumbered claims for relief. Plaintiff's first claim sought declaratory and injunctive relief against Walter Vanni in his official capacity as supervising probation officer for Mr. Bourelle, and the second claim sought damages against Mr. Perez in his personal capacity as a probation officer who formerly supervised Mr. Bourelle and allegedly denied Plaintiff visitation with her father when such visitation had been authorized by the federal judge in Florida who sentenced Mr. Bourelle.

By Order electronically filed on January 8, 2015 (**Doc. 7**), Judge Moore *sua sponte* dismissed Plaintiff's first claim on the grounds that Plaintiff was not a party to the criminal case against her father, Mr. Bourelle, and thus, Plaintiff lacked standing to impact the court ordered terms of supervised release imposed in the criminal case against Mr. Bourelle. (**Doc. 7** at 2). Additionally, Judge Moore held that Plaintiff's first claim interferes with the administration of a criminal case, affects its finality and thus, this first claim was not justiciable. *Id*. As for Plaintiff's second claim against Mr. Perez, Judge Moore noted that he works directly or indirectly on a

3

daily basis with Mr. Perez based on his status as a Supervising U.S. Probation Officer in the District of Colorado and so recusal was required under 28 U.S.C. § 455(a) because the impartiality of Judge Moore might reasonably be questioned. Consequently, Judge Moore recused himself as did the other Colorado district judges and so the Chief Judge of the Tenth Circuit designated the undersigned, a U.S. District judge in the District of New Mexico, to preside over this case. Plaintiff subsequently filed an Amended Complaint (**Doc. 1**) on August 6, 2015, asserting the single claim for relief for damages pursuant to *Bivens* for violations of her First, Fifth, and Fourteenth Amendment right to familial association when Mr. Perez prohibited Plaintiff from visitation with Mr. Bourelle.

Defendant filed his Motion to Dismiss (**Doc. 29**) on August 20, 2015, Plaintiff filed her Response (**Doc. 36**) on September 18, 2015 and Defendant filed his Reply (**Doc. 37**) on October 5, 2015. At a hearing held on March 22, 2016, the Court permitted each party to file a brief of supplemental authority to provide additional support for their arguments. Defendant filed a Supplemental Brief (**Doc. 43**) on March 25, 2016, and Plaintiff similarly filed a Supplemental Brief (**Doc. 44**) on the same day.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true

for legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

## DISCUSSION

Defendant puts forward three arguments in support of his Motion to Dismiss, arguing first that there is no implied damages action for violations of the right to familial association under *Bivens*, and second, that even if there is a cause of action, Mr. Perez is entitled to qualified immunity. Alternatively, Defendant argues that Plaintiff's claim also fails because it constitutes a non-justiciable collateral attack on the terms and conditions of Mr. Bourelle's criminal sentence. The Court addresses each of these arguments in turn.

**I.  Familial Association and *Bivens***

Defendant first argues that there is no implied damages action under *Bivens* against federal officers for violations of the right to familial association. The Tenth Circuit has recognized the right to familial association as either an element of due process, or arising under the First Amendment.[1] While the Tenth Circuit has heard an appeal on the merits of an implied damages action under *Bivens* for violations of the right to familial association in *Bryson v. City of Edmond*, the Court did not address whether such a cause of action should be recognized. *See* 905 F.2d 1386, 1393–94 (10th Cir. 1990). Given that the Supreme Court has "been reluctant to extend *Bivens* liability to any new context or category of defendants," Defendant argues that the

---

[1] *See Griffin v. Strong*, 983 F.2d 1544, 1547 (10th Cir. 1993) ("The freedom of intimate association is a substantive due process right, as is its subset, the familial right of association."); *Cleveland v. Martin*, 590 F. App'x 726, 731 (10th Cir. 2014) (finding defendants entitled to qualified immunity on a First Amendment claim because visitation limits are not a clearly established violation of the First Amendment).

Court should not create a new *Bivens* remedy here. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (internal quotation omitted). In determining whether a new implied cause of action under *Bivens* should be recognized, the Supreme Court has outlined a two-step process from *Wilkie v. Robbins*: (i) whether alternative remedies exist to protect the interest at stake, and (ii) whether special factors counsel hesitation before creating a new remedy. *See* 551 U.S. 537, 550 (2007). Defendant argues that Mr. Bourelle had administrative and judicial remedies available through the Bureau of Prisons to challenge the conditions of his incarceration. Additionally, creating an implied damages remedy here would subject to collateral attack the specific conditions of any federal offender's confinement. Thus, Defendant argues first that there is no implied *Bivens* action, and second, that the Court should not recognize an implied cause of action here.

In response, Plaintiff points to the *Bryson* case as evidence that the Tenth Circuit *would* permit a *Bivens* claim for denial of familial association, as long as a plaintiff could allege that a defendant intended to interfere with the familial relationship. The Court in *Bryson* determined that in order to state a *Bivens* claim for deprivation of the right of familial association, an allegation of intent to interfere with that relationship would be required, a requirement not present in *Bryson*. *See Bryson*, 905 F.2d at 1393. Plaintiff thus infers that where intent can be shown, a *Bivens* claim will be permitted, and Mr. Perez acted with that intent. Turning to the two-step process from *Wilkie*, Plaintiff argues that no alternative monetary remedies exist in the instant case, as a lawsuit for injunctive relief filed by Mr. Bourelle would have been moot given his short stay in the halfway house. Plaintiff appears to agree that extending an implied damages remedy would permit collateral attack of the conditions of any federal offender's confinement, but argues that such a step is necessary to remedy the actions of Mr. Perez and other probation officers who ignore court orders.

Defendant counters that an alternative claim for *monetary* damages is not required. Further, Plaintiff has conceded that there were alternative remedies, such as the Bureau of Prisons Administrative Remedy Program, that Mr. Bourelle could have pursued while at the halfway house. Finally, Defendant notes that Mr. Bourelle served more than five months at the halfway house after the alleged violations began, providing ample time to pursue the issue himself.

While both the Tenth Circuit in *Bryson* and the United States Court of Appeals for the District of Columbia in *Harbury v. Deutch*, 233 F.3d 596 (D.C. Cir. 2000) have entertained appeals regarding *Bivens* and the right to familial association, both have dismissed the cases on other grounds. To be clear, *Bryson* did not recognize an implied damages action under *Bivens*. Rather, the Tenth Circuit noted that while the right to familial association had been established in prior case law, the plaintiff in *Bryson* would have to also have alleged an intent to interfere with a relationship protected by the right of familial association, which the plaintiff had not done. *See Bryson*, 905 F.2d at 1393. It would be a step too far for the Court to determine that because the Tenth Circuit once implied, in dicta, that showing an intent to interfere with familial association could be sufficient to state a *Bivens* claim, that such a *Bivens* action has therefore been recognized. Thus, the Court finds that there is no implied damages action under *Bivens* against federal officers for violations of the right to familial association.

The next step is evaluation under the two-step *Wilkie* process to determine whether to extend *Bivens* in this case. First, Mr. Bourelle had five months between the alleged violations and his release from the halfway house to pursue administrative or judicial measures to seek redress. Plaintiff does not dispute that an alternative remedy for Mr. Bourelle exists. Instead, Plaintiff argues that no alternative monetary remedy exists. However, the existence of a

monetary remedy is not required. *See Schweiker v. Chilicky*, 487 U.S. 412, 421–22 (1988). Second, extending *Bivens* in this case would potentially permit a huge number of claims from families of offenders seeking to challenge particular conditions of offenders' confinement or particular conditions of offenders' probation/supervised release. The Court finds this potential result to be a special factor that counsels against creation of a new *Bivens* remedy in this case. Accordingly, the Court agrees with Defendant that there is no implied damages action for violations of the right to familial association under *Bivens* and the Court should not create one in this instance.

## II.     Qualified Immunity

Defendant turns next to qualified immunity. Defendant argues that if the Court were to extend *Bivens* in this case, Mr. Perez is nevertheless immune from suit because Plaintiff cannot show that Mr. Perez violated a clearly established right. Defendant points to *Wirsching v. Colorado*, 360 F.3d 1191, 1198 (10th Cir. 2004), which held that defendants did not violate an inmate's constitutional rights of familial association by preventing visits with his daughter. The Tenth Circuit noted that "freedom of association is among the rights least compatible with incarceration." *Id.* (citations omitted). While Mr. Bourelle was not incarcerated in a federal prison while his visitation rights were denied, he was still in the custody of the Bureau of Prisons when he was at the halfway house. Reading *Wirsching* to permit termination of an inmate's visitation rights, Defendant argues that Mr. Perez would not have known that he was violating a clearly established right by terminating Mr. Bourelle's visitation rights.

Plaintiff argues that her right to familial association with her father was clearly established by 1996. *Wirsching* involved a *state* prisoner who was denied visitation pursuant to state SOMB guidelines. Plaintiff asserts that as a state agency, SOMB should have no authority

over federal prisoners, and thus, *Wirsching* is not relevant. Plaintiff instead points to two recently decided Tenth Circuit cases where the court determined that special conditions restricting contact with minor children while on supervised release violated the respective defendants' constitutional right to familial association. *See United States v. Burns*, 775 F.3d 1221 (10th Cir. 2014); *United States v. Bear*, 769 F.3d 1221 (10th Cir. 2014). Although these two cases were decided *after* Mr. Bourelle's release from the halfway house, within each of these cases, the court points to a prior case in which the Tenth Circuit determined that "a father has a fundamental liberty interest in maintaining the familial relationship with his [child]." *United States v. Edgin*, 92 F.3d 1044, 1049 (10th Cir. 1996). Thus, Plaintiff infers that the constitutional right to familial association for a sex offender in federal custody was clearly established by 1996.

Defendant counters that Plaintiff's Complaint states that federal probation officers are *ignorant* of the fact that SOMB guidelines should not apply to federal prisoners. While disputing their applicability, Defendant reasons that because Mr. Perez was ignorant of the fact that SOMB guidelines allegedly do not apply to federal prisoners, he did not act *knowingly* when he applied them to Mr. Bourelle. Thus, even if the SOMB guidelines only apply to state prisoners, because Mr. Perez and other probation officers believed them to apply equally to state and federal prisoners, they read *Wirsching* to permit their conduct.

Defendant also notes that Plaintiff's citation to *Burns* and *Bear* both involved conditions of supervised release. Mr. Bourelle, by contrast, while in a halfway house, was still in federal Bureau of Prisoners custody. Defendant argues that this distinction is important: while supervised release conditions must pass strict scrutiny, conditions of confinement only require a rational basis. *See United States v. Bear* 769 F.3d 1221, 1229 (10th Cir. 2014); *Cleveland v. Martin*, 590 F. App'x 726, 731 (10th Cir. 2014). Further, Defendant argues that *Burns* and *Bear*

9

were not decided until after Mr. Bourelle's release, so Plaintiff's reliance on those cases for Mr. Bourelle's situation is really only a reliance on the proposition from *Edgin* that there is a fundamental liberty interest to maintain a familial relationship. *Edgin* concerned a defendant who was sentenced for threatening his girlfriend with whom he had a child. His *supervised release* conditions prohibited contact with his son, and the case was remanded for the conditions to be potentially altered. Thus, *Edgin* does not apply to Mr. Bourelle's situation either.

The Court agrees with Defendant that Mr. Bourelle's right of familial association, while still in the custody of the Bureau of Prisoners and not on supervised release, was not clearly established at the time of the alleged conduct. While the Court does note Plaintiff's contention that state SOMB guidelines should not be applied to federal prisoners, it is clear that federal probation officers *do* routinely apply the SOMB guidelines to federal offenders. Plaintiff cites no authority to show that it would have been clear to a reasonable probation officer in 2013 that applying the SOMB guidelines to federal offenders was improper, much less unconstitutional. Mr. Perez is therefore immune from suit because Plaintiff cannot show that Mr. Perez violated a clearly established right.

### III. Justiciability

Defendant also argues that Plaintiff's claim constitutes a non-justiciable collateral attack on the terms and conditions of Mr. Bourelle's criminal sentence. *See McClure v. Ashcroft*, 335 F.3d 404, 414–15 (5th Cir. 2003) ("In a civil proceeding, . . . a third party collateral attack on a final criminal judgment is non-justiciable."). As the Court has agreed with Defendant that there is no implied damages action under *Bivens*, declines to create such a remedy, and alternatively finds Mr. Perez entitled to qualified immunity, the Court declines to address Defendant's

argument that Plaintiff's claim is non-justiciable, especially given that Defendant devoted one page of his seventeen-page Reply to the issue.

## IV. Conclusion

The Court agrees with Defendant that there is no implied damages action under *Bivens* against federal officers for violations of the right to familial association. The Court declines to create such a remedy here, and alternatively finds Mr. Perez entitled to qualified immunity in this case.

Accordingly, for the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss.  A Rule 58 Judgment shall issue separately.

**SO ORDERED**

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE